## COMMONWEALTH *vs.* MICHAEL HIGGINS.

Upon the trial of an indictment for maintaining a building used for the illegal keeping and
illegal sale of intoxicating liquors, the Commonwealth, after introducing evidence that a
room occupied by the defendant was fitted with the common appliances for the sale of
liquors, and that persons drank ale there, may prove that persons have been seen on
the defendant's premises and leaving them in a state of intoxication.

Proof that the defendant maintained a building used for the illegal keeping and illegal
sale of intoxicating liquors, for any substantial period of time, if only one day, will sup-
port an indictment for maintaining it during a year.

INDICTMENT on *St.* 1855, *c.* 405, for a common nuisance by
maintaining a room used for the illegal sale and illegal keeping
of intoxicating liquors.

At the trial in the superior court before *Vose*, J., there was
evidence tending to show that the defendant kept and occupied
a room containing a bar, show-case, oyster-stand, with jugs and
bottles containing liquor, and tumblers, drainer, toddy-stick and
a barrel of ale, and that persons drank ale there.   The judge,
against the defendant's objection, allowed a witness to testify
that on one occasion he saw a woman intoxicated on the de-
fendant's premises, and that he had occasionally seen people
going away from the premises intoxicated.

The defendant asked the judge to instruct the jury that they
must be satisfied that, during a considerable portion of the
period of time alleged in the indictment, the defendant kept
and maintained the premises in the manner alleged in the in-
dictment, and that so keeping and maintaining them for one
day would not be sufficient.   The judge declined so to instruct

the jury; and instructed them that they must be satisfied that the room was appropriated and devoted to the illegal sale and keeping of intoxicating liquor; not that this was the exclusive business done in the room, but that the illegal sale or keeping of liquor was among its ordinary and principal uses; and, upon the question how long such use must continue to constitute the offence charged, that no particular length of time was necessary; that if the defendant kept and maintained and used a building or place for the illegal sale of liquor for any substantial period of time, he would be liable; that so keeping and using such a building for a week, or even for one day, would constitute a violation of the statute on which this indictment was founded. The defendant, being convicted, alleged exceptions.

*E. W. Bond,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

Metcalf, J. 1. The testimony was rightly admitted. *Commonwealth* v. *Burnham,* 14 Gray, 101.

2. The jury were correctly instructed that the defendant violated the statute on which the indictment was founded, by keeping, maintaining and using the saloon, for a single day only, for the illegal sale of liquor. *Wells* v. *Commonwealth,* 12 Gray, 326.

*Exceptions overruled.*